UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
98 SEP 25 PM 4:12
N.D. OF ALABAMA

TEXTRON FINANCIAL CORPORATION, )
)
    Plaintiff, )
)
vs. )    Civil Action No. 97-S-2332-NE
)
QPA, INC., GEORGE W. CANNON, )
BRENT W. SIMS, JIMMY O. SIMS, )
)    ENTERED ON
    Defendants. )
    SEP 2 5 1998

## MEMORANDUM OPINION

This action is before the court on plaintiff's motion for summary judgment. Upon review of the pleadings, motion, brief, and evidentiary materials submitted by plaintiff,[1] the court finds the motion is due to be granted.[2]

## I. FACTS

Plaintiff entered into two installment notes and security agreements with defendant QPA, Inc., on November 1, 1995, for the purpose of QPA purchasing equipment.[3] Defendants George W. Cannon,

---

[1] In the absence of any evidentiary submissions by defendants, the court relies on plaintiff's exhibits, which include two installment notes, two security agreements, and written guaranties executed by defendants.

[2] The court notes defendants were continuously represented by counsel and were given notice of the pending motion for summary judgment by plaintiff, which included notice of the consequences of a failure to respond. Therefore, it cannot be seriously contended that defendants were unaware of their burdens under Rule 56 of the *Federal Rules of Civil Procedure*.

[3] The equipment is described in two separate security agreements, entered on the same date as follows:

"One (1) Manufacture (1) special machining center for processing Central Pipe (P/N's 0001611 & C-000246). Part for Inflation Systems Inc. Machine has (3) working stations for drilling & deburring (6) holes at station #1, confirming holes with ultraviolet light sensing device at station #2 & stamping part number at station #3." (Plaintiff's Exhibit A at 1, Security Agreement dated 11/1/95.) "One Tsugami S-25-D, Swiss Type CNC Turning Center, s/n 3182, with all standard



Brent W. Sims, and Jimmy O. Sims (Guarantors) also executed written guaranties of the indebtedness and obligations owed by QPA, Inc., under the notes and security agreements on the same date.[4]

Defendants QPA, Brent W. Sims, and Jimmy O. Sims admit that QPA defaulted under the notes and security agreement by failing to pay amounts due.[5]  (Answer ¶ 4, 5; Doc. No. 7)  Plaintiff notified

---

equipment."  (Security Agreement dated November 1, 1995.)

[4] The Guaranty provides as follows:

> Guaranty. Guarantor unconditionally and irrevocably guarantees to Textron (except as hereinafter expressly provided as to revocability), without off-set or deduction, the prompt payment and/or performance of all indebtedness, obligations and liabilities of Obligor [QPA, Inc.] at any time owing to Textron, whether direct or indirect, matured or unmatured, primary or secondary, certain or contingent or acquired or created by Textron. ... This Guaranty is a guaranty or payment and not a guaranty of collection. Guarantor guarantees to Textron the punctual and faithful performance by Obligor of each and every Guaranteed Obligation. If Obligor defaults in the payment or performance of any Guaranteed Obligation, it there exists any event or condition which, with notice and/or the passage of time, would constitute default under any Guaranteed Obligation ... Guarantor shall pay directly to Textron the sums which Obligor is obligated to pay to Textron, whether by acceleration or otherwise, and promptly perform all other Guaranteed Obligations.

(Plaintiff's Exhibit B.)

[5] The terms of the notes provide:

> In the event any amount due hereunder is past due by more than ten (10) days, the undersigned agrees to pay a late payment charge equal to the lesser of (a) five percent (5%) on and in addition to the amount of the past due payment or (b) the maximum charges allowable under then applicable law. Upon the maturity of this Note (by reason of default and acceleration or otherwise), the undersigned agrees to pay interest on the unpaid balance and all accrued and unpaid amounts due hereunder and under the Security Agreement from the maturity hereof through the day of payment at a rate of interest equal to the lesser of (a) the Holder's then current default rate of interest, or (b) the maximum rate of interest allowable under then applicable law.

(Plaintiff's Exhibit A.)

The terms of the Security Agreements provide:

2

QPA of the default in writing.[6] QPA failed to respond or pay the amount due. Plaintiff also notified the "guarantors" of QPA's default. They also failed to pay any amount due under the notes and security agreement. (Williams' Affidavit at 2.) Plaintiff has "repossessed the collateral and has given QPA credit for any value of the collateral or to the extent funds have been received form the sale of such equipment, the amount of funds received from the sale of the collateral." *Id.*

## II. DISCUSSION

Defendants have not responded to plaintiff's motion. When a motion for summary judgment is made and supported as provided by the *Federal Rules of Civil Procedure*,

> an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). "There is no genuine issue for trial unless the non-moving party establishes, through the record presented to the court, that it is able to prove evidence sufficient for a jury to return a verdict in its favor." *Cohen v. United American Bank*

---

EVENTS OF DEFAULT. The occurrence of any of the following shall, at the option of Secured Party and without any notice other than as provided herein, constitute an Event of Default under this Agreement: (1) Debtor fails to pay any sums due under any of the obligations or hereunder and such failure shall continue for ten (10) days ...

(Plaintiff's Exhibit A.)

[6] *See* Letter dated February 27, 1997, from Steve Scales, Recovery and Residual Specialist of Textron Financial Corporation.

3

of *Central Florida*, 83 F.3d 1347, 1349 (11th Cir. 1996)(affirming grant of summary judgment where non-movant "failed to present evidence to prove their claim[, and] ... did not supplement the allegations of the complaint with affidavits, file a memorandum in opposition to the motion for summary judgment, or otherwise comply with Rule 56(e) on a timely basis").

Plaintiff argues summary judgment is due to be granted as to each of its claims against defendants. Upon review of the pleadings, plaintiff's motion, evidentiary submissions, brief, and the authorities cited therein, and viewing the evidence in a light most favorable to defendants, this court concludes that plaintiff's arguments are correct as to all of plaintiff's claims concerning defendants' liability. Moreover, as defendants have made no effort to supplement the record or otherwise to meet their Rule 56 burden, summary judgment is appropriate. Accordingly, the court adopts plaintiff's arguments as its own and finds plaintiff's motion is due to granted on the grounds stated therein as to the issue of liability. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this **25**th day of September, 1998.

                                                United States District Judge