UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
98 NOV 16 AM 10: 28
U.S. DISTRICT COURT
N.D. OF ALABAMA

TEXTRON FINANCIAL CORPORATION, )
)
    Plaintiff, )
)
vs. )   Civil Action No. 97-S-2332-NE
)
QPA, INC., BRENT W. SIMS, )
JIMMY O. SIMS, )
)
    Defendants. )

ENTERED
NOV 16 1998

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This action is before the court for the determination of damages. Summary Judgment was entered in favor of plaintiff on the issue of defendants' liability on September 25, 1998. The court granted leave to plaintiff to prove damages, by submitting evidence in the form of affidavits on or before October 9, 1998; however, in recognition of the fact that defendants had demanded trial by jury, this court amended that order on October 5, 1998 (Doc. No. 21), to provide that plaintiff was "granted leave to prove damages to a jury in Huntsville, Alabama, at 10:00 a.m. on Wednesday, October 14, 1998." George W. Cannon also was dismissed as a defendant by separate order entered on October 5, 1998 (Doc. No. 20). Defendants subsequently withdrew their demand for jury trial and the court therefore again granted leave to plaintiff to prove damages by affidavit testimony in an order entered October 6, 1998 (Doc. No. 22). Plaintiff filed the affidavit of B.J. Williams in

25

support of damages on October 9, 1998. Plaintiff filed a corrected affidavit on November 13, 1998. Defendants have not responded or objected to plaintiff's proof of damages.

Inasmuch as the corrected affidavit of B.J. Williams is uncontested by the defendants, the court hereby adopts the proof of damages contained therein. B.J. Williams is the custodian of the financial records and files pertaining to the instant action.

Textron entered into two loan agreements with the defendants. The unpaid balance on the first loan totals $40,244.11. The second loan has an unpaid balance of $37,046.08. The plaintiff has also incurred attorneys fees and filing fees of $5,342.14. Thus, the total amount of damages suffered by plaintiff is $82,632.33.

The court finds, therefore, that plaintiff is owed the total amount of damages it has incurred. An appropriate judgment consistent with these findings will be issued contemporaneously herewith.

DONE this 16th day of November, 1998.

United States District Judge