UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
99 AUG -2 PM 2:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

TEXTRON FINANCIAL CORPORATION, )
)
    Plaintiff, )
)
vs. ) Civil Action No. 97-S-2332-NE
)
QPA, INC., BRENT W. SIMS, )
JIMMY O. SIMS, )
)
    Defendants. )

ENTERED
AUG 0 2 1999

## MEMORANDUM OPINION

This action is before the court on defendants' motion for relief from judgment pursuant to Rule 60 of the *Federal Rules of Civil Procedure* (Document No. 33) and motion to compel (Document No. 41). Upon consideration of the motions, briefs, and oral arguments of counsel, the court is of the opinion that both motions are due to be denied.

Plaintiff filed a motion for summary judgment on April 1, 1998. (Document No. 14.) This court entered a submission order on April 3, 1998, directing that any evidentiary submissions opposing the motion should be filed on or before April 24, 1998, and that any brief in opposition be filed on or before May 1, 1998. Defendants did not respond, either by filing evidentiary submissions or a brief in opposition. Summary judgment as to the issue of liability accordingly was entered in favor of plaintiff on

September 25, 1998.

Plaintiff then was granted leave to prove damages in writing on or before October 9, 1998. Plaintiff filed the affidavit of B.J. Williams in support of its claim for damages on October 9, 1998, and again on November 13, 1998. Defendants were served with a copy of this affidavit on October 8, 1998, by first class mail. A schedule of the loan amount for the purchase of equipment was attached to the affidavit showing the original loan amount as being $62,500. The schedule further shows the sale of such equipment for $495, which was credited to the outstanding loan balance.

This court then allowed defendants until October 16, 1998, to file any opposition to plaintiff's proposed damages. Defendants filed none. This court entered final judgment for plaintiff on November 16, 1998, awarding damages totaling $82,632.33. A garnishment was issued by this court to AmSouth Bank on May 26, 1999. As a result thereof, the sum of $9,042.30, was paid into the registry of this court.

Defendants did not file their motion for relief from judgment pursuant to Rule 60 until June 11, 1999. (Document No. 33.) On the same day, defendants paid into the registry of this court the sum of $84,804.95. Defendants argue the sale of equipment valued at $62,500 for $495 is commercially unreasonable and amounts to a

2

material misrepresentation and/or fraud as to the damages owed to plaintiff. Defendants also contend such is a material misrepresentation to the court. Defendants therefore seek relief from the judgment.

Rule 60 of the *Federal Rules of Civil Procedure* provides in pertinent part:

> (b) **Mistake; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) <u>fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party</u>. ... The motion shall be made within a reasonable time, and for reasons (_), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. ... [Emphasis supplied]

The former Fifth Circuit held in a case that is binding authority in this circuit,[1] *Rozier v. Ford Motor Company*, 573 F.2d 1332, 1339 (11th Cir. 1978), that "[o]ne who asserts that an adverse party has obtained a verdict through fraud,

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

3

misrepresentation or other misconduct has the burden of proving the assertion by <u>clear and convincing evidence</u>." (Emphasis supplied.) Further, "[t]he conduct complained of must be such as prevented the losing party from fully and fairly presenting his case or defense." *Id*. Defendants' showing in that regard begins and ends with these statements:

3) The affidavit of B.J. Williams was filed by the Plaintiff in support of damages and states that the equipment ... which was subject of this action was alleged to have been sold on May 12, 1997.

4) As the result of this alleged sale of equipment, the Plaintiff credited the amounted owed by the Defendant for $495.00. This amount apparently represents the amount for which the equipment was allegedly sold.

5) The Defendants maintain that this amounts to a material misrepresentation and/or fraud as to the damages alleged by the Plaintiff insofar as the alleged sale of the equipment for $495.00 would not represent a commercially-reasonable sale of said equipment which was initially valued at $62,500.00.

(Document No. 33 at ¶¶ 3-5.) Such conclusory allegations fall short, indeed far short of clear and convincing evidence. Defendants also have not demonstrated how the sale of the equipment prevented the full and fair presentation of the case. Defendants failed to respond to plaintiff's affidavit at the time it was filed, nor did any defendant raise an objection for almost eight months following entry of final judgment.

4

Defendants have failed to produce any evidence amounting to fraud or other misconduct which would necessitate this court relieving them of final judgment. Accordingly, defendants' motion for relief of judgment pursuant to Rule 60 is due to be denied.

An appropriate order consistent with this memorandum opinion will be issued contemporaneously herewith.

**DONE** this **2nd** day of August, 1999.

_____
United States District Judge

5